IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH BALDONADO,

    Plaintiff,

v.                                                         Civ. No. 21-0900 KG-SMV

WHITTLEY BISTER,

    Defendant.

## ORDER OF DISMISSAL

This matter is before the Court following Plaintiff Joseph Baldonado's failure to comply with the *in forma pauperis statute*. *See* 28 U.S.C. § 1915(a)-(b). Plaintiff is incarcerated and proceeding *pro se*. On September 9, 2021, he filed a Civil Complaint alleging certain sheriffs refused to "oust" elected state officials from office. (Doc. 1). Plaintiff filed an *in forma pauperis* motion on the same day. (Doc. 2). However, he did not submit an inmate account statement. Section 1915 requires such statement in any case where "a prisoner seek[s] to bring a civil action ... without prepayment of fees." 28 U.S.C. § 1915(a)(2). By an Order entered September 23, 2021, the Court directed Plaintiff to cure the deficiency. (Doc. 3). The Order warned that the failure to timely comply would result in dismissal without further notice.

Plaintiff failed to submit the initial payment by the October 25, 2021 deadline. Instead, he filed a Motion to Discharge Fees and Costs. (Doc. 4). Plaintiff argues federal law permits all debts to be discharged because the "People became the creditors for the dollar." *Id.* at 1. He further alleges "paying debts is against public policy," and the dollar is no longer on the "gold standard." *Id.* Such arguments are used by sovereign citizens. *See, e.g., In re Hardee*, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021) (describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of ... [citizens'] debts");

*Stokes v. Credit One Bank, N.A.*, 2019 WL 3183579, at *5 (M.D. Ala. June 18, 2019) (rejecting sovereign citizen claim that a "dollar is nonredeemable" because the United States "suspend[ed] the gold standard"). They do not provide grounds to waive the requirements of 28 U.S.C. § 1915. Hence, the Court will deny Plaintiff's Motion to Discharge Fees and Costs.

Based on Plaintiff's refusal to provide an inmate account statement, the Court will also dismiss the Civil Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 41(b). *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (Rule 41 permits dismissal for "failure to prosecute [and] comply with the … court's orders"); *Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.,* 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing action … based upon [plaintiff's] failure to … submit … account statement"). The Court will also deny as moot Plaintiff's pending Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).

IT IS ORDERED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is denied as moot.
2. Plaintiff's Motion to Discharge Fees and Costs (Doc. 4) is denied.
3. Plaintiff's Civil Complaint (Doc. 1) is dismissed without prejudice.
4. The Court will enter a separate judgment closing this civil case.

UNITED STATES DISTRICT JUDGE